# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CARNEGIE REALTY PARTNERS, LLC, | ) | Case No. 07 B 21626 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| BARRY A. CHATZ, not individually but as Chapter 7 trustee for CARNEGIE REALTY PARTNERS, LLC, | ) | Adversary No. _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JEFFREY B. STEINBACK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT TO AVOID TRANSFERS

Barry A. Chatz, not individually, but as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Carnegie Realty Partners, LLC (the "Debtor"), by his attorneys and pursuant to 11 U.S.C. §§ 547(b), 548(a)(1)(B), and 550(a), for his Adversary Complaint to Avoid Transfers respectfully states as follows:

## PARTIES

1. The Debtor was an Illinois corporation, with its principal place of business located at 318 West Adams Street, 18th Floor, Chicago, Illinois, 60606.

2. The Trustee is the duly appointed and qualified Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. The Trustee is informed and believes that Jeffrey B. Steinback, LLC (the "Defendant") is an Illinois limited liability company with its principal place of business located

{ CHATZ / 004 / 00017506.DOC /}

at 8351 Snaresbrook, Roscoe, Illinois 61037.

## JURISDICTION

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (F), (H), and (O).

6. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. § 1409(a).

## FACTS

7. On November 16, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division

8. During the two years leading up to the Petition Date, the Debtor transferred at least $7,500.00 to the Defendant (the "Transfer"). The details of the Transfer are set forth on the chart attached hereto as Exhibit A.

9. During the course of this proceeding the Trustee may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendant during the two years leading up to the Petition Date. The Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit "A" or not. Collectively, all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendant during the two years leading up to the Petition Date (whether such transfers presently are reflected on Exhibit A hereto or not) are referred to herein as the "Transfers".

10. The Trustee is informed and believes that the Debtor did not receive any consideration in return for the Transfers.

11. On March 19, 2009, the Trustee's attorneys sent the Defendant a letter (the

"March 19 Letter") requesting the return of a portion of the Transfers for the benefit of the Debtor's estate. The Defendant did not respond to the March 19 Letter.

### COUNT I – CONSTRUCTIVE FRAUDULENT TRANSFERS
### (11 U.S.C. § 548(a)(1)(B))

12. The Trustee adopts and incorporates by reference the allegations in Paragraphs 1 through 11 above as though fully set forth herein.

13. The Defendant was the initial transferee of the Transfers.

14. The Transfers were transfers of an interest in property of the Debtor.

15. The Trustee is informed and believes that the Debtor made the Transfers without receiving reasonably equivalent value in exchange for the Transfers.

16. The Trustee is informed and believes that at the time of the Transfers, the Debtor: (i) was engaged or was about to engage in a business or transaction for which the Debtor's remaining assets were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

17. The Transfers are voidable as a fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B), and may be recovered for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** Barry A. Chatz, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Carnegie Realty Partners, LLC, respectfully requests that this Court grant judgment for the Trustee and against Jeffrey B. Steinback, LLC, as follows:

A. Declaring that the Transfers are voidable as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

B. Authorizing the Trustee to recover the value of the Transfers from the Defendant

pursuant to 11 U.S.C. § 550(a);

C. Directing the Defendant to immediately turn over the value of the Transfers to the Trustee pursuant to 11 U.S.C. § 550(a); and

D. Granting the Trustee such other relief as is just.

### COUNT II – PREFERENTIAL TRANSFERS
### (11 U.S.C. § 547(b))
*Count II is Plead in the Alternative to Count I*

18. The Trustee adopts and incorporates by reference the allegations in Paragraphs 1 through 18 above as though fully set forth herein.

19. The Debtor received certain of the Transfers within ninety days of the Petition Date (the "90-Day Transfers").

20. The Defendant was the initial transferee of the 90-Day Transfers.

21. The 90-Day Transfers were transfers of interests in the Debtor's property.

22. On information and belief, the 90-Day Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the 90-Day Transfers were made.

23. The 90-Day Transfers were made while the Debtor was insolvent. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to be insolvent during the ninety days preceding the Petition Date.

24. The 90-Day Transfers were made to or for the benefit of the Defendant.

25. The 90-Day Transfers enabled the Defendant to receive more than it would have received if (i) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (ii) the 90-Day Transfers had not been made, and (iii) the Defendant received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

26. The 90-Day Transfers are avoidable preferential transfers, pursuant to

{ CHATZ / 004 / 00017506.DOC /}    4

11 U.S.C. § 547(b), and may be recovered from the Defendant for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** Barry A. Chatz, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Carnegie Realty Partners, LLC, respectfully requests that this Court grant judgment for the Trustee against Jeffrey B. Steinback, LLC, as follows:

A.  Declaring that the 90-Day Transfers are voidable preferences pursuant to 11 U.S.C. § 547(b);

B.  Authorizing the Trustee to recover the value of the 90-Day Transfers from the Defendant pursuant to 11 U.S.C. § 550(a);

C.  Directing the Defendant to immediately turn over the value of the 90-Day Transfers to the Trustee pursuant to 11 U.S.C. § 550(a); and

D.  Granting the Trustee such other relief as is just.

> Respectfully submitted,
>
> BARRY A. CHATZ, not individually but as
> CHAPTER 7 TRUSTEE FOR THE
> BANKRUPTCY ESTATE OF CARNEGIE
> REALTY PARTNERS, LLC
>
> By:   /s/ *Reed A. Heiligman*
>       One of his attorneys

Joseph D. Frank (Illinois ARDC #6216085)
Reed A. Heiligman (Illinois ARDC # 6294312)
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Phone: (312) 276-1400
Fax:     (312) 276-0035
jfrank@fgllp.com; rheiligman@fgllp.com

Dated: November 13, 2009